IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MELISSA HESSENTHALER, DANEELL HUBBELL, ALLISON SALMON, KIERSTON SCHEULE, LESLIE SCHWARTZ, and JULIA WILSON,<br><br>        Plaintiffs,<br><br>vs.<br><br>ADVANTAGE COUNSELING SERVICES, INC. and ROY RIDLEY,<br><br>        Defendants. | *<br>*<br>*<br>*   CASE NO. 3:07-CV-107(CDL)<br>*<br>*<br>*<br>*<br>*<br>* |

O R D E R

Presently pending before the Court is Plaintiffs' Motion for Attorney's Fees and Costs for Failure to Acknowledge Service (Doc. 28). For the following reasons, the Court grants the motion and awards Plaintiffs their attorney's fees and costs incurred in having to make this motion.

BACKGROUND

On November 28, 2007, Plaintiffs' counsel requested waiver of service for both Defendant Advantage Counseling Services, Incorporated ("Advantage") and Defendant Roy Ridley. (Ex. B to Pls.' Mot. for Attorney's Fees and Costs for Failure to Acknowledge Service [hereinafter Pls.' Mot.].) However, both Defendants failed to acknowledge waiver of service. (Hill Decl. ¶ 6, Sept. 5, 2008.) Plaintiffs' counsel, with the help of MLQ Services, a private process server, and the Gwinnett County Sheriff's Department, personally

1

served both Advantage and Ridley.  (*See* Hill Decl. ¶¶ 9-13; Exs. D-E to Pls.' Mot.)  Plaintiffs incurred $313.00 in service fees and $812.50 in attorney's fees associated with making this motion.  (Hill Decl. ¶¶ 14-15.)

## DISCUSSION

Plaintiffs are entitled to the attorney's fees and costs associated with Defendants' failure to acknowledge waiver of service. Federal Rule of Civil Procedure 4(d)(1) provides, in pertinent part, that "[a]n individual, corporation, or association that is subject to service . . . has a duty to avoid unnecessary expenses of serving the summons."  One such way a plaintiff may avoid unnecessary expenses is to "request that the defendant waive service of a summons."  Fed. R. Civ. P. 4(d)(1).  If a plaintiff does request waiver of service, the plaintiff must give the defendant "a reasonable time of at least [thirty] days after the request was sent . . . to return the waiver[.]"  Fed. R. Civ. P. 4(d)(1)(F).

In this case, Plaintiffs' counsel requested waiver of service. (Hill Decl. ¶ 3.)  However, Defendants failed to waive service within thirty days.  (*Id.* ¶ 6.)  Because Defendants failed without good cause to waive service, the Court is authorized to impose upon Defendants "the expenses later incurred in making service[,]" along with "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."  Fed. R. Civ. P. 4(d)(2)(A)-(B). Accordingly, Plaintiffs' Motion (Doc. 28) is granted

2

and the Court orders that Defendants shall pay Plaintiffs for their attorney's fees and costs in having to bring this motion in the total amount of $1,125.50 and that payment shall be made to Plaintiffs within thirty days of today's Order.

    IT IS SO ORDERED, this 10th day of October, 2008.

                                        S/Clay D. Land
                                            CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE