IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MELISSA HESSENTHALER, DANEELL HUBBELL, ALLISON SALMON, KIERSTEN SCHEULE, LESLIE SCHWARTZ, and JULIA WILSON, | * * * |
| Plaintiffs, | *   CASE NO. 3:07-CV-107(CDL) * |
| vs. | * |
| ADVANTAGE COUNSELING SERVICES, INC. and ROY RIDLEY, | * |
| Defendants. | * * |

O R D E R

Presently pending before the Court is Plaintiffs' Motion to Compel Initial Disclosures and Discovery Responses from Defendants (Doc. 29). Defendants have filed no response to the motion to compel. For the following reasons, the Court grants Plaintiffs' motion and awards Plaintiffs their attorney fees incurred in having to file this motion.

BACKGROUND

Pursuant to the Scheduling Order entered in this case, Defendants were required to serve initial disclosures by July 9, 2008. (Scheduling and Disc. Order 3, June 9, 2008.) Defendants failed to serve any initial disclosures and have not made any such disclosures to date. On June 24, 2008, Plaintiffs served discovery requests on Defendants. (Ex. 1 to Pls.' Mot. to Compel.) Defendants

1

have likewise failed to respond to those discovery requests.[1] Plaintiffs seek an order compelling Defendants to serve their initial disclosures and to respond to the discovery requests. Plaintiffs also seek recovery of their expenses of $2,080.00 which were incurred in having to bring this motion. (*See* Hill Aff. ¶ 16, Sept. 16, 2008.)

## DISCUSSION

Federal Rule of Civil Procedure 26(a)(1)(C) provides, in pertinent part, that "[a] party must make the initial disclosures at or within [fourteen] days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order[.]" If a party fails to submit initial disclosures, "any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). In this case, the Rule 16/26 Scheduling Order established that both parties were required to serve initial disclosures by July 9, 2008. Defendants failed to meet this deadline and have still not made those disclosures.

Defendants likewise failed to sufficiently respond to Plaintiffs' discovery requests. Federal Rule of Civil Procedure 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection[,]" if a party has failed to answer an interrogatory,

---

[1] The Court notes that Defendant Roy Ridley partially responded to Plaintiffs' discovery requests. Defendant Advantage Counseling Services, Inc. made no response to Plaintiffs' requests.

failed to produce, or failed to permit an inspection. Because Defendants have failed to serve initial disclosures or respond to Plaintiffs' discovery requests, Plaintiffs' Motion to Compel (Doc. 29) is granted. "If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney[] fees." Fed. R. Civ. P. 37(a)(5)(A). Here, because there was no basis for Defendants not to respond, Plaintiffs are entitled to their attorney fees.

Accordingly, Defendants are ordered to serve their initial discovery disclosures and their responses to Plaintiffs' discovery requests without objection within thirty days of today's Order. The Court further orders that Defendants shall pay Plaintiffs for their attorney fees in having to bring this motion in the amount of $2,080.00 and that payment shall be made to Plaintiffs within thirty days of today's Order. Finally, Defendants are notified that if they fail to comply with the Court's order, their answer may be stricken and default judgment may thereby be entered against them.

IT IS SO ORDERED, this 15th day of October, 2008.

                                              S/Clay D. Land
                                                CLAY D. LAND
                                UNITED STATES DISTRICT JUDGE