```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                      ATHENS DIVISION
```

MELISSA HESSENTHALER, DANEELL       *
HUBBELL, ALLISON SALMON,
KIERSTEN SCHEULE, LESLIE            *
SCHWARTZ, and JULIA WILSON,
                                    *      CASE NO. 3:07-CV-107(CDL)
      Plaintiffs,
                                    *
vs.
                                    *
ADVANTAGE COUNSELING SERVICES,
INC., and ROY RIDLEY,               *

      Defendants.                   *
_____     *

## O R D E R

Presently pending before the Court is Plaintiffs' Motion for Contempt, Sanctions, and Entry of Default against Defendants (Doc. 34). Defendants have filed no response to Plaintiffs' motion. For the following reasons, the Court grants Plaintiffs' motion. Defendants' answers are hereby stricken, and the Clerk is directed to make entries of default in favor of each Plaintiff against both Defendants. Furthermore, the Court awards Plaintiffs their reasonable attorneys fees and expenses incurred in having to bring this present motion.

### BACKGROUND

On October 15, 2008, the Court granted Plaintiffs' motion to compel, ordering Defendants to fully comply with Plaintiffs' requests for discovery and initial disclosures within thirty days of its

1

Order.  (*See* Order 3, Oct. 15, 2008.)  The Court cautioned Defendants that a failure to fully comply with its order may lead to the imposition of serious sanctions, including an entry of default judgment against Defendants.  (*Id.*)  Defendants have failed to fully comply with the Court's order.[1]  (*See* Hill Decl. ¶¶ 10-19, Dec. 15, 2008.)

## DISCUSSION

Federal Rule of Civil Procedure 37(b)(2)(A) provides, in pertinent part, that a court may order appropriate sanctions against a party if that party has failed to obey a court order to provide discovery.  Appropriate sanctions include "striking pleadings in whole or in part[,]" Fed. R. Civ. P. 37(b)(2)(A)(iii), and "rendering a default judgment against the disobedient party[,]" Fed. R. Civ. P. 37(b)(2)(A)(vi).  "District courts enjoy substantial discretion in deciding whether and how to impose sanctions under Rule 37." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). In this case, Defendants have failed to fully comply with the Court's October 15, 2008 Order.  The Court warned Defendants that if they failed to comply with its Order, Defendants' answers would be

---

[1] The Court notes that, in addition to failing to provide all discovery documents requested by Plaintiffs, neither Defendant has filed any initial disclosures.  (*See* Pl.'s Mot. for Contempt, Sanctions and Entry of Default and Mem. in Supp. Thereof [hereinafter Pl.'s Mot.] 3-7.)

stricken and default judgment would be entered against them.[2]  It is clear that Defendants have failed to heed the Court's warnings.

Accordingly, Defendants' answers are hereby stricken, and the Clerk is directed to make entries of default as to each Defendant. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (affirming the district court's order striking defendant's answer and entering default judgment because defendant disregarded court's order to compel discovery and ignored warning of the implications of failure to cooperate in discovery).  The Court further orders that Defendants shall pay Plaintiffs $2,450.00 for the reasonable attorney fees and expenses incurred in having to bring the present motion and that payment shall be made to Plaintiffs within thirty days of today's Order.[3]  *See* Fed. R. Civ. P. 37(b)(2)(C) (providing, in pertinent part, that in addition to appropriate sanctions, "the court must

---

[2] The Court notes that Defendant Advantage Counseling Services, Inc. ("Advantage") has failed to obtain legal counsel.  "[C]orporations must always be represented by legal counsel." *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 609 (11th Cir. 1984); *accord Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The Rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel.").  The Court cautioned Advantage of the repercussions of proceeding in this case without legal counsel: "Failure of a corporate defendant to secure counsel may result in that defendant's inability to defend itself and could result in a future default judgment against it."  (Order on Scheduling & Disc. 1, June 9, 2008.)  Advantage, having failed to heed the Court's advice, now suffers the consequences of its inaction.

[3] This amount represents seven hours of legal work at the rate of $350 per hour.  The Court finds this to be a reasonable award of fees and expenses that were necessary to bring the present motion.  Plaintiffs shall have the opportunity to make a claim for additional fees and expenses incurred in this case in support of their motion for default judgment.

order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust").

Plaintiffs shall file a motion for default judgment within fourteen days of the Clerk's entry of default.  Plaintiffs shall include with that motion all supporting documentation and affidavits establishing the amount of Plaintiffs' damages.

IT IS SO ORDERED, this 15th day of January, 2009.

                                         S/Clay D. Land
                                             CLAY D. LAND
                             UNITED STATES DISTRICT JUDGE